**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KARIN VANESSA BARRERA-EUFRAGIO; ELVIN GABRIEL CASTILLO-BARRERA, | No. 17-72898 |
| Petitioners, | Agency Nos.     A206-846-119 <br> A206-846-120 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 17, 2020[**]

Before: HAWKINS, GRABER, and CLIFTON, Circuit Judges.

Petitioner Karin Vanessa Barrera-Eufragio and her minor son[1] seek review

of the Board of Immigration Appeals' ("BIA") dismissal of their appeal from an

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1] The son's petition is entirely derivative of his mother's.

immigration judge's order denying their applications for asylum, humanitarian asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We review de novo questions of law, and we uphold the BIA's denial of relief unless the evidence compels a contrary conclusion. Guo v. Sessions, 897 F.3d 1208, 1212 (9th Cir. 2018). We deny the petitions.

1. We rejected Petitioner's jurisdictional argument in Karingithi v. Whitaker, 913 F.3d 1158, 1160 (9th Cir. 2019), cert. denied, 140 S. Ct. 1106 (2020).

2. Substantial evidence supports the agency's finding that Petitioner did not suffer past persecution, because the Honduran government was not "unable or unwilling to control" her father. Guo, 897 F.3d at 1213. The police arrested Petitioner's father about two months after she reported his crimes; he was prosecuted, convicted of rape, and sentenced to nearly 14 years in prison. Although the police did not act when Petitioner's father sent her a threatening text message after he was released from prison, that fact does not compel a conclusion contrary to the BIA's. No evidence indicates, for example, that the message itself constituted a crime.

Because Petitioner did not suffer past persecution (and did not attempt to show a well-founded fear of future persecution on account of a protected ground),

2

her claims for asylum and humanitarian asylum fail. Hanna v. Keisler, 506 F.3d 933, 939 (9th Cir. 2007). Given that Petitioner failed to demonstrate her eligibility for asylum, "she necessarily failed to satisfy the higher standard for withholding of removal." Yan Liu v. Holder, 640 F.3d 918, 926 n.5 (9th Cir. 2011).

3. Substantial evidence supports the agency's denial of CAT protection. Petitioner did not meet her burden to show that she would "more likely than not" be tortured "by or with the acquiescence of a government official or other person acting in an official capacity" if she were removed to Honduras. Tamang v. Holder, 598 F.3d 1083, 1095 (9th Cir. 2010). The Honduran government's past prosecution of Petitioner's father contradicts her claim that the government would acquiesce in any future torture. And "generalized evidence of violence and crime" in Honduras does not satisfy the standard for CAT protection. Delgado-Ortiz v. Holder, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam).

**PETITIONS DENIED.**